UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN, | No. 2:23-cv-01925-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| LAWRENCE LIVERMORE LAB, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also brought two motions for appointment of counsel (ECF Nos. 2 and 4), a motion to proceed in forma pauperis (IFP) (ECF No. 7), and a motion for extension of time (ECF No. 11). This order will address plaintiff's motions and screen plaintiff's complaint.

## Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(a)(1) and (2).

## Motion for Appointment of Counsel and Extension of Time

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional

1

circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Plaintiff's motion for extension of time was filed when plaintiff was not subject to any pending deadline. It will therefore be denied as moot.

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

2

678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint includes amongst its numerous defendants George Bush, Jr. and George Bush, Sr. ECF No. 1 at 7. His claims include "Constructive Treason" and "Academic Freedom." *Id.* at 4-5. The extravagant allegations are largely incoherent and read as a list of conclusory terms and meandering phrases strung together. For example, Claim 2, which is representative of the two additional claims, reads in part as follows:

> [] Rights ending in dispensation/provocation. Isiah 59:5. They hatch vipers eggs and weave the spiders web. He who eats of their eggs dies, and from that which is crushed a viper breaks out. Causation. "King Cobra." Also note case in point D.O.C. US 523 316 1999. Department of Census versus House of Representatives. Then note companion case Van Huisen vs. The House of Representatives. The "Mal Aportioned [sic] outcome of the US 523 316 1000 was an egg of treachery. Civil Conspiracy. "A Secret Wall." A division.

ECF No. 1 at 4. As drafted, plaintiff's complaint presents no cognizable federal claim. It is largely incomprehensible, lacks substance, and fails to specify how any particular defendant was involved in violating plaintiff's federal statutory or constitutional rights.

A complaint that is frivolous, malicious or fails to state a claim cannot survive screening under section 1915A(b) and must be dismissed. A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful

3

factual allegation.")  Plaintiff's allegations are indecipherable and, as currently drafted, frivolous. In an abundance of caution, however, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies.

<u>Leave to Amend</u>

Plaintiff may choose to further amend his complaint.  He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motions to appoint counsel (ECF Nos. 2 and 4) are DENIED without prejudice;
2. Plaintiff's motion for extension of time (ECF No. 11) is DENIED;
3. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is GRANTED;
4. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
5. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
2. Failure to comply with this order may result in dismissal of this action.

Dated: November 27, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE